Chief Justice Robertson
delivered the Opinion of the Court.
The County Court of Lincoln having adjudged against George Lee, one hundred and forty nine dollars sixty one cents, as treble tax, for his refusing to take the prescribed oath respecting a list of his taxable property which he had handed to the commissioner of the revenue — this writ of error is prosecuted for reversing that order.
Though the statute authorized the assessment of a fine and treble tax only for failing to give in a proper list, yet, as the law required Lee, as the owner of taxable property, to give in his list on oath, his refusal to verify, by the requisite affidavit, the list offered by himself was a refusal to give in a list as required by law; and was as much so, in judgment of law, as would have been a refusal altogether to give any list whatever.
But the statute made it the duty of the commissioner to apply for a list at Lee’s own house, which he never did; and Lee was liable to be fined and treble-taxed only for refusing upon proper application, to give a legal list of his taxable property. And therefore, as such a penal enactment should not be extended beyond its clear and *312 direct import, we are of the opinion that Lee was not, in a I.egal sense, guilty of contumacy had he even refused to give any list whatever, unless the commissioner would make such a requisition as the law required him to make, it was Lee’s legal duty to give him any information respecting his property.
The owners of taxable property could not be expected to be able to give, under the sanction of an oath, a perfect list of every taxable article whenever and wherever the commissioner might happen to meet them; and therefore the law imposed no such unreasonable burthen as a legal duty.
Consequently, as the commissioner had not made application at Lee’s house, the County Court erred in adjudging him guilty of illegallyrefusing to give in his list, or of illegally refusing to verify, by an oath, the list which he gratuitously offered to give.
And therefore, it is considered that the order be set aside and held for nought.